UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

RAMON MORAN,

              Plaintiff,                          **COMPLAINT**

           -against-                      Jury Trial Demanded

CHRISTOPHER WALRATH, ANITA ORTIZ,      9:26-cv-1071 (BKS/MJK)
THOMAS COOMBER, and JOHN and JANE,
DOE 1 through 10 (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       Plaintiff, by his attorneys Sivin, Miller & Roche LLP, complaining of defendants,

alleges as follows, upon information and belief:

## THE PARTIES AND JURISDICTION

       1.      That at all times herein mentioned, plaintiff was and is a citizen of the

State of New York.

       2.      That at all times herein mentioned, plaintiff was an incarcerated individual

in the care, custody, and control of the New York State Department of Corrections and

Community Supervision (DOCCS).

       3.      That at all times herein mentioned, plaintiff was housed at Marcy

Correctional Facility (Marcy), in Marcy, New York.

       4.      That at all times herein mentioned, defendants Christopher Walrath, Anita

Ortiz, Thomas Coomber, and John and Jane Doe 1 through 10 were correction officers or

supervisory officers employed by DOCCS at Marcy.

5.      That at all times herein mentioned, defendants Walrath, Ortiz, Coomber, and John and Jane Doe 1 through 10 were acting within the course and scope of their employment with DOCCS.

6.      That at all times herein mentioned, defendants Walrath, Ortiz, Coomber and John and Jane Doe 1 through 10 were acting under color of state law.

7.      That this Court has jurisdiction over this action in that the action arises under 42 U.S.C. § 1983 and alleges violations of plaintiff's civil rights, including rights guaranteed under the Eighth Amendment to the United States Constitution.

8.      That venue is proper in the Northern District of New York, which is where the events underlying this lawsuit occurred.

**THE FACTS**

9.      Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

10.     On August 8, 2023 at approximately 5:00 p.m. in or near the C-2 Dormitory and in the medical unit at Marcy Correctional Facility, 9000 Old River Road, Marcy, New York, plaintiff was subjected to unreasonable and excessive force by or in the presence of defendants, including, without limitation, Walrath, Ortiz, and Coomber.

11.     On the aforementioned date and time, defendant Ortiz was overseeing the C-2 Dormitory at Marcy.

12.     In response to a verbal exchange with plaintiff, defendant Ortiz unreasonably and excessively deployed an excessive amount of pepper spray at plaintiff's face and head, and summoned assistance to the dorm based on false claims that plaintiff had engaged in misconduct.

13.    As a result of Ortiz's false claims and actions, several defendant DOCCS employees, including defendants Walrath, Coomber, and John Doe 1, who is a tall, black officer, with a flattop haircut, who was believed to have been assigned as a rover at the time of the incident, responded to the C-2 dorm.

14.    Plaintiff was handcuffed by defendant Walrath without incident and escorted to the vestibule leading out of the dorm.

15.    Once in the vestibule, and not in response to any conduct warranting the use of force, plaintiff was slammed repeatedly against the wall, and defendant Walrath intentionally bent plaintiff's left thumb backward, fracturing it.

16.    Plaintiff was then escorted with his arms raised up behind him in a painful manner to a van to be transported to the medical unit.

17.    During the van ride and once at the medical unit, plaintiff was subjected to further excessive force by or in the presence of several defendants, including Walrath, Coomber, John Doe 1, and upon arrival at the medical unit, other officers who were upon information and belief assigned to the medical unit that day, including, without limitation, being thrown down to the ground, and struck and kicked several times about the body.

18.    As a result of defendants' conduct, plaintiff sustained injuries, including without limitation, L1-L2 transverse process fractures, a closed displaced fracture of the neck of the first metacarpal bone of the left hand, and a minimally displaced fracture of the right sixth rib, a nondisplaced fracture of the eighth rib, bruising and swelling to the face, body and extremities, and associated psychological and emotional injuries.

19.     All of the actions of the correction officers were undertaken within the course and scope of their employment

20.     Each of the defendants observed some or all of the physical attacks on plaintiff by their co-defendants, and each had reasonable opportunities to intervene to prevent and/or stop the attacks, and each intentionally and deliberately failed and refused to do so.

21.     The actions of defendants were sadistic and malicious, and undertaken with the intention of causing plaintiff to suffer and to endure physical pain.

22.      The actions of defendants were not undertaken in a good faith attempt to maintain or restore order.

23.     As a result of defendants' actions, plaintiff sustained serious physical injuries.

24.     As a result of defendants' actions, plaintiff also endured, and will continue to endure, physical and emotional pain and suffering, and has been otherwise damaged.

## FIRST CAUSE OF ACTION
### (42 USC § 1983: Eighth Amendment – Excessive Force)

25.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

26.     The level of force employed by defendants was objectively unreasonable and otherwise in violation of plaintiff's constitutional rights.

27.     As a result of the aforementioned conduct of the defendants, plaintiff was subjected to excessive force and sustained serious physical injuries and emotional distress.

28.     The aforementioned actions by defendants were in violation of the rights guaranteed to plaintiff under the Eighth Amendment to the U.S. Constitution to be free from cruel and unusual punishment.

29.     That as a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 U.S.C. § 1983.

**SECOND CAUSE OF ACTION**
**(42 USC § 1983: Eighth Amendment – Failure to Intervene)**

30.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

31.     Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

32.     The defendants failed to intervene to prevent the unlawful conduct described herein despite a reasonable opportunity to do so.

WHEREFORE, plaintiff seeks judgment on the aforementioned cause of action against defendants for compensatory damages and punitive damages in amounts to be determined by the trier of fact, and plaintiff also seeks attorneys' fees against defendants pursuant to 42 U.S.C. § 1988, and plaintiff seeks interest, costs, and disbursements of this action.

Dated: New York, New York
      May 18, 2026

Yours, etc.
Sivin, Miller & Roche LLP

By: _____
Lissa Green-Stark
Attorneys for Plaintiff
20 Vesey Street, Suite 1400
New York, NY 10007
(212) 349-0300